United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 12-27608-RK
Mary Louise Accurso                                                     Chapter 7
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-2        User: admin              Page 1 of 2           Date Rcvd: Aug 27, 2012
                            Form ID: b18             Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 29, 2012.
```
db           Mary Louise Accurso,    751 1/2 N Gramercy Pl,    Los Angeles, CA  90038-4102
smg          Los Angeles City Clerk,    P.O. Box 53200,    Los Angeles, CA  90053-0200
31962941     City And County Of San Francisco,    PO Box 7426,    San Francisco, CA 94120-7426
31962942     Equifax,    PO Box 144717,    Orlando, FL 32814-4717
31962943     Equifax Information Services, LLC,    PO Box 740256,    Atlanta, GA 30374-0256
31962944     Experian,   NCAC,    PO Box 9556,    Allen, TX 75013-9556
31962945     Experian,    Profile Management,    PO Box 9558,    Allen, TX 75013-9558
31962948     Legal Recovery Law Offices Inc,    5030 Camino De La Siesta Ste 340,    San Diego, CA 92108-3118
31962950    +Sequoia Hospital EFCU,    770 Marshall St Ste 200,    Redwood City, CA 94063-1845
31962952    +The Bureaus Inc,    1717 Central Street,    Evanston, IL 60201-1590
31962953    +Trans Union Corporation,    ATTN: Public Records Department,    555 W Adams St,
              Chicago, IL 60661-3631
31962954     Transunion Consumer Relations,    PO Box 2000,    Crum Lynne, PA 19022
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr          +EDI: QEMWOLKOWITZ.COM Aug 28 2012 03:33:00     Edward M Wolkowitz (TR),
              Levene Neale Bender Rankin & Brill LLP,    800 South Figueroa Street, Suite 1260,
              Los Angeles, CA 90017-2581
smg          EDI: EDD.COM Aug 28 2012 03:34:00      Employment Development Dept.,    Bankruptcy Group MIC 92E,
              P.O. Box 826880,    Sacramento, CA  94280-0001
smg          EDI: CALTAX.COM Aug 28 2012 03:33:00      Franchise Tax Board,    Bankruptcy Section MS: A-340,
              P.O. Box 2952,    Sacramento, CA  95812-2952
31962939     EDI: CAPITALONE.COM Aug 28 2012 03:33:00      Capital One,   PO Box 30281,
              Salt Lake City, UT 84130-0281
31962940    +EDI: CITICORP.COM Aug 28 2012 03:33:00      Citi Cards/Citibank,    Po Box 6241,
              Sioux Falls, SD 57117-6241
31962946    +EDI: RMSC.COM Aug 28 2012 03:33:00      Ge Money Bank/Lowes,    Po Box 965005,
              Orlando, FL 32896-5005
31962947    +EDI: HFC.COM Aug 28 2012 03:33:00      Hsbc/Best Buy,    Po Box 5253,    Carol Stream, IL 60197-5253
31962949    +EDI: TSYS2.COM Aug 28 2012 03:33:00      Macys,    Po Box 8218,    Mason, OH 45040-8218
31962951    +EDI: WTRRNBANK.COM Aug 28 2012 03:33:00      Target National Bank,    Po Box 673,
              Minneapolis, MN 55440-0673
                                                                                              TOTAL: 9
```

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 29, 2012**              **Signature:** _Joseph Speetjens_

```
District/off: 0973-2           User: admin              Page 2 of 2              Date Rcvd: Aug 27, 2012
                               Form ID: b18             Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2012 at the address(es) listed below:

        Edward M Wolkowitz (TR)   emwtrustee@lnbrb.com,   ewolkowitz@ecf.epiqsystems.com
        Tyson  Takeuchi   on behalf of Debtor Mary Accurso tysonlawfirm@yahoo.com
        United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

        TOTAL: 3

B18 (Official Form 18)(12/11)

**United States Bankruptcy Court**
**Central District Of California**

255 East Temple Street, Los Angeles, CA 90012

# DISCHARGE OF DEBTOR

**DEBTOR INFORMATION:**
Mary Louise Accurso
aka Mary Louise Gretsky, aka Mary Lou Accurso

**BANKRUPTCY NO.** 2:12–bk–27608–RK

**CHAPTER** 7

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–5902
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Discharge Date:** 8/27/12

**Address:**
751 1/2 N Gramercy Pl
Los Angeles, CA 90038–4102

   It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). SEE THE BACK OF THIS ORDER FOR EXCEPTIONS AND OTHER IMPORTANT INFORMATION.

BY THE COURT,

Dated: August 27, 2012

**Kathleen J. Campbell**
Clerk of the Court

_____

*Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social–security numbers or individual taxpayer–identification numbers.*

(Form b18–DIS Rev. 12/2011) VAN–30                                                                                                                9 / MS

B18 (Official Form 18) Cont.
Rev.(12/11)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes;
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court, under section 523 of the Bankruptcy Code or other applicable law, specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.